IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FELIX SANTOS, :
:
    Petitioner :
: CIVIL NO. 3:CV-09-1068
    v. :
: (Judge Caputo)
UNITED STATES OF AMERICA, :
:
    Respondent :

**M E M O R A N D U M**

**I.    Introduction**

Petitioner, an inmate currently incarcerated at the Federal Correctional Institution at Allenwood (FCI-Allenwood) in White Deer, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. 1, Pet.) Named as the sole respondent is the United States of America.[2]

---

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] In habeas corpus challenges to present physical confinement, the rule is that the proper respondent is the warden of the facility where the prisoner is being held. See 28 U.S.C. § 2231; *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 124 S.Ct. 2711, 2717-18, 159 L.Ed.2d 513 (2004). In view of the resolution of the petition, Petitioner will not be directed to submit an amendment, the Court will liberally construe the petition as naming the appropriate respondent.

This matter is now before the Court for screening. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572, 129 L.Ed.2d 666 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Habeas Rule 4 requires the court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4 , applicable through Rule 1(b).

After undertaking the review required by Rule 4, for reasons stated below, the petition will be summarily dismissed as Mr. Santos has failed to demonstrate that his remedy pursuant to a 28 U.S.C. § 2255 motion for challenging the convictions is inadequate or ineffective.[3]

## II. Background[4]

### A. Conviction and Procedural History

Following a jury trial, Felix Santos was convicted of conspiring to possess with the intent to distribute cocaine and attempting to possess with the intent to

---

[3] Mr. Santos has also submitted an application requesting leave to proceed *in forma pauperis* which will be granted for the sole purpose of the filing of this action.

[4] The background has primarily been extracted from Mr. Santos' criminal action docket sheet, and the documents contained within, which the Court obtained from the PACER Service Center. *See* http://pacer.psc.uscourts.gov; *United States v. Santos*, 1:99-CR-0716-DMM (S.D. Fla.)

distribute cocaine, in violation of 21 U.S.C. § 846, and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § § 942(c)(1), (2), in the United States District Court for the Southern District of Florida. On May 12, 2000, Felix Santos was sentenced to a total term of 248 months imprisonment.

On May 15, 2000, Mr. Santos filed a timely notice of appeal. The Eleventh Circuit Court of Appeals rejected Mr. Santos' arguments and affirmed his conviction on September 25, 2001. *See United States v. Santos*, 275 F.3d 51 (Table)(11 Cir. 2001)(No. 00-12578). On December 17, 2001, Mr. Santos filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. *See* electronic docket sheet, *Santos v. United States of America*, 1:01-CV-5024-DMM (S.D. Fla.). On June 14, 2002, the trial court denied the motion. On November 25, 2002, the Eleventh Circuit Court of Appeals denied Felix Santos' application for a certificate of appealability.

Mr. Santos then filed two separate motions for a reduction of sentence, both of which were denied by the trial court, as were his appeals of these orders by the Eleventh Circuit Court of Appeals. *See United States v. Santos*, 310 Fed. Appx. 341 (11th Cir. 2009). Mr. Santos then filed a Petition for writ of Audita Querla which was denied by the trial court on August 27, 2009. *See* electronic docket sheet, *United States v. Santos*, 1:99-CR-0716-DMM (S.D. Fla.)

B.  Allegations of the Present Petition

Mr. Santos suggests in his petition that his sentence and conviction are illegal because the trial court lacked jurisdiction; the government failed to the proper legal

statutes in his indictment; failed to make a prima facie case against; his court appointed counsel was incompetent; the government used illegally obtained evidence against him; and that he was arrested by a Miami Dade Police Officer who lacked the "authority to arrest [him] without valid delegations orders" from the federal government. (Doc. 1, Pet.) Based on the above, Mr. Santos concludes the "judgment obtained [against him] bogus" and "utterly void of all legal effect." (*Id*.)

### III. Discussion

Depending on the circumstances, a federal prisoner may challenge his detention under 28 U.S.C. § 2241 and § 2255. *See* 28 U.S.C. § 2255; *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Ordinarily, when challenging the validity of a conviction and sentence, a federal prisoner is limited to filing a motion pursuant to section 2255. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *Russell v. Martinez*, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence.") "A prisoner may proceed under § 2241 only where the remedy provided under § 2255 is inadequate or ineffective to test the legality of his confinement." *Norman v. Levi*, 305 Fed. Appx. 820, 821 (3d Cir. 2009); 28 U.S.C. § 2255(e); *In re Dorsainvil*, 119 F.3d at 249. The inadequacy or ineffectiveness must be "a limitation of scope or procedure ... prevent[ing] a § 2255 proceeding from affording [petitioner] a full hearing and adjudication of [a] wrongful detention claim." *Okereke*, 307 F.3d at 120 (citing

-4-

*Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 F.3d 538-39 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)). Hence, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. A petitioner therefore cannot invoke § 2241 merely because he already filed a § 2255 motion and may find another one procedurally barred. *See* 28 U.S.C. § 2255(h).[5] The "safety valve" provided under § 2255(e) is extremely narrow and has only been applied in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be noncriminal by a change in law. *Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d at 251).

A habeas petition pursuant to a § 2241 is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255. *Cradle*, 290 F.3d at 538 - 39. If a petitioner who has filed a § 2241 petition fails to show § 2255 to be inadequate or ineffective, then the Court lacks jurisdiction to consider the § 2241 petition.

---

[5] 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>
> (1) newly discovered evidence ... or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court ...

*Application of Galante*, 437 F.2d 1164, 1165 (3d Cir 1971); *Hill v. Williamson*, 223 Fed. Appx. 179, 180 (3d Cir. 2007)(per curiam)(non-precedential). In this case, Petitioner is clearly challenging the validity of his federal conviction and sentence. The allegations of Mr. Santos' habeas petition do not suggest he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a petition under 28 U.S.C. § 2255 would be ineffective or inadequate. Clearly this is not a situation where Mr. Santos did not have a prior opportunity to raise the claims presented in his petition. Petitioner filed a motion pursuant to § 2255, raising many of the same claims. He may not file a § 2241 petition simply because he is dissatisfied with the results of his previous § 2255 petition. The remedy afforded under § 2241 is not intended as an additional, alternative, or supplemental remedy to that prescribed under § 2255. Thus, upon careful review, the representations of Felix Santos' present petition are simply insufficient to persuade the Court that 28 U.S.C. § 2255 would be either ineffective or inadequate to test the legality of his detention. Furthermore, Petitioner does not suggest he stands convicted for conduct later deemed to be noncriminal by a change in law allowing him to invoke the "savings clause" of § 2255(e).

**IV.     Conclusion**

Because Mr. Santos has not demonstrated that § 2255 is an inadequate or ineffective vehicle by which to address his conviction and sentence, the Court lacks jurisdiction over his § 2241 petition, and it must be dismissed. Mr. Santos' only potential avenue for relief is to file a motion in the United States Court of Appeals for

the Eleventh Circuit seeking an order authorizing the District Court to consider a second or successive motion under 28 U.S.C. § 2255. *See* 28 U.S.C. §§ 2244, 2255. Such a motion would likely be untimely, but the statute of limitations is an affirmative defense that must be raised by the government, *see United States v. Bendolph*, 409 F.3d 155, 164 (3d Cir. 2005), or by the court, if it decides to do so *sua sponte*. (*Id.* at 166.) The Court will dismiss Mr. Santos' § 2241 petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[6]

                                                          **/s/ A. Richard Caputo**
                                                          **A. RICHARD CAPUTO**
                                                          **United States District Judge**

**Date: January  13th , 2010**

---

[6] Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

-7-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FELIX SANTOS, :
:
    Petitioner :
: CIVIL NO. 3:CV-09-1068
v. :
: (Judge Caputo)
UNITED STATES OF AMERICA, :
:
    Respondent :

# O R D E R

**NOW**, this **13th** day of **JANUARY, 2010,** upon consideration of the petition for writ of habeas corpus (doc. 1), and for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (doc. 1) is **DISMISSED** for lack of jurisdiction.

2. The Clerk of Court is directed to **CLOSE** this case.

                                         **/s/ A. Richard Caputo**
                                         **A. RICHARD CAPUTO**
                                         **United States District Judge**